■ In the Matter of ARJOME REALTY, INC., Appellant, against MICHAEL'S HOLDING CO., INC., Respondent.— In a special proceeding pursuant to section 333-b of the Real Property Law to cancel and discharge certain mortgages of record, and for other incidental relief, the petitioner appeals from an order denying the application. Order affirmed, with costs. No opinion. Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.

■ In the Matter of ALOIS W. LINK, Respondent, against JOSEPH J. CAPUTA, as State Rent Administrator, Appellant, and PATRICK MARKEY, Intervenor-Appellant.— In a proceeding pursuant to article 78 of the Civil Practice Act, the State Rent Administrator and the tenant as intervenor appeal from an order of the Supreme Court, Queens County, dated July 23, 1959, granting the landlord's petition to annul the Administrator's determination which denied petitioner's application for a certificate of eviction, and directed that such certificate be issued. The record presents a history of disputes and legal proceedings between the families of the landlord and the tenant of a two-family house, commencing in 1946 when the tenant obtained a reduction in rent because of the landlord's failure to paint. There were two applications, by the then landlord, father of the present landlord, for certificates of eviction, both of which were denied. Shortly after the denial of the second of these applications, the premises were conveyed to the present landlord who immediately made the instant application for a certificate. The tenant contended that the application was made in bad faith and was motivated by the failure of the prior applications and the disputes with the tenant; and that the conveyance from father to son was illusory and fraudulent. The State Rent Administrator denied the application upon the ground that the applicant had failed to establish good faith. Special Term has held that the record evidences " bad feeling " rather than " bad faith " and has annulled the determination of the State Rent Administrator as " unreasonable and arbitrary ". Order reversed, with costs, and petition dismissed. The record substantiates the finding of the Administrator that the application for a certificate of eviction was made in bad faith *(Matter of Kaplan v. McGoldrick,* 279 App. Div. 615). Since the Administrator's determination has substantial support in the record, it should not have been annulled *(Matter of Friedman v. Weaver,* 3 N Y 2d 123). Nolan, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.

■ In the Matter of the Appointment of a Committee of the Person and Property of MINNIE SCHWINGE, an Alleged Incompetent Person. HENRY GRONBACH et al., Appellants; MADELINE E. YOST et al., Respondents.— In a special proceeding under article 81 of the Civil Practice Act to declare Minnie Schwinge an incompetent person, to appoint a committee for her person and estate, and for other relief, Henry Gronbach and Charles Gronbach, brothers of the alleged incompetent person, appeal from an order of the Supreme Court, dated December 17, 1959, directing, *inter alia,* that questions of fact on the issue of competency and certain other stated issues be tried by a jury. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur.